

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2005

# McKoy v. Apker

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2547

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"McKoy v. Apker" (2005). *2005 Decisions.* Paper 154.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/154

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-342                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2547

_____

WILLIAM MCKOY, SR.,
                                          Appellant

v.

WARDEN CRAIG APKER, L.S.C.I. - Allenwood

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00779)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2005

Before:   ROTH, BARRY and SMITH, Circuit Judges

(Filed December 6, 2005)

_____

OPINION

_____

PER CURIAM

   In 2003, William McKoy, Sr., a native and citizen of Jamaica,[1] pled guilty to

possession with intent to distribute a controlled substance and criminal forfeiture in the

_____

   [1] McKoy entered the United States in July 1985 as a nonimmigrant visitor for
pleasure.

United States District Court for the District of Nebraska. McKoy was sentenced to a term of sixty-three months imprisonment. Although McKoy apparently did not file an appeal from his conviction and sentence, he did file an unsuccessful motion pursuant to 28 U.S.C. § 2255 in the District Court for the District of Nebraska.

McKoy, who is incarcerated at LSCI-Allenwood in White Deer, Pennsylvania, filed the underlying pro se 28 U.S.C. § 2241 petition in the United States District Court for the Middle District of Pennsylvania on April 18, 2005. In his § 2241 petition, McKoy alleged that his rights under the Vienna Convention on Consular Relations and the United States Constitution were violated because he never received notice of his right to contact the Jamaican consulate after his arrest. On May 2, 2005, the District Court dismissed McKoy's § 2241 petition, concluding that McKoy had not shown that § 2255 is inadequate or ineffective such that he should be allowed to proceed under § 2241. This timely appeal followed.[2] The appellee has filed a motion for summary affirmance, a motion which should be granted if the appeal presents "no substantial question." 3d Cir. LAR 27.4 and I.O.P. 10.6. After a careful review of the record, we will grant the appellee's motion and summarily affirm the District Court's order.

A § 2255 motion is the presumptive means by which a federal prisoner can

---

[2] McKoy filed a timely motion for reconsideration of the May 2, 2005 order in the District Court. On July 11, 2005, the District Court denied McKoy's motion for reconsideration. McKoy did not file a notice of appeal or an amended notice of appeal from the July 11, 2005 order. Accordingly, our jurisdiction is limited to a review of the District Court's May 2, 2005 order. See Fed. R. App. P. 4(a)(4)(B)(ii).

2

challenge his conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974). A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or the petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002); see also Cradle, 290 F.3d at 539.

There is no doubt that McKoy's claims fall within the purview of § 2255, and, as the District Court concluded, McKoy has not demonstrated that § 2255 is "inadequate or ineffective." In short, McKoy's claims could have been presented in his § 2255 motion; raising them in a § 2241 petition amounts to nothing more than an attempt to circumvent the gatekeeping provisions of § 2255. Finally, we reject McKoy's argument that refusing him relief under § 2241 amounts to an unconstitutional suspension of the writ. Cf. Felker v. Turpin, 518 U.S. 651, 664 (1996) (AEDPA's restrictions on successive petitions "do not amount to a 'suspension' of the writ"); Swain v. Pressley, 430 U.S. 372, 381 (1977) (holding that the Suspension Clause is violated only where habeas corpus is rendered

3

"inadequate or ineffective").

Because this appeal presents no substantial question, we will summarily affirm the District Court's May 2, 2005 order.